UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LADRE DUNBAR<br>BOP# 93173298,<br><br>                              Plaintiff,<br><br>v.<br><br>LUIS PENA, CITY OF SAN DIEGO,<br><br>                              Defendants. | Case No.:  21-CV-2001 TWR (KSC)<br><br>**ORDER: 1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); 2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b); and 3) STAYING CIVIL ACTION** |

Michael Ladre Dunbar ("Dunbar" or "Plaintiff"), a federal detainee currently housed at the Metropolitan Correctional Center ("MCC") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1, ("Compl.")).

Plaintiff claims Defendant Pena violated his Fourth and Fourteenth Amendment rights by unlawfully arresting him without probable cause. (Compl., at 3–9). Dunbar also alleges Pena violated his Eighth Amendment rights, causing him "to suffer cruel and unusual punishment of mental anguish and emotional distress brought on by feelings of

fear, abandonment, hopelessness, depression and having been denied any sense of being a human being . . . ." (*Id.* at 9.)  He requests damages in the amount of $2,500,000, punitive damages in the amount of $4,500,000, and demands a jury trial.  (*Id.* at 10.)  Plaintiff has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2).

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

2

assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his MCC trust account activity and a Prison Certificate signed by an authorized officer. (*See* ECF No. 2 at 4–8); 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has had an average monthly balance of $255.47 and average monthly deposits of $84.44 for the preceding six months. (*See* ECF No. 2 at 4.) He had an available balance of $78.23 at the time of filing. (*See id.*) Thus, the Court assesses Plaintiff's initial partial filing fee to be $15.64 pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected only if sufficient funds are available in Dunbar's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Dunbar and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are

immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   *Plaintiff's Factual Allegations*

Dunbar alleges that On May 7, 2020, he was detained by San Diego Police Officers Ryan Tentler and Adam Wells as he was walking out of a hotel with a woman and putting luggage into a car at 3801 Murphy Canyon Road in San Diego. (Compl. at 3). According to Dunbar, officers determined that the woman was a missing juvenile who they believed was the victim of sex trafficking. (*Id.* at 3–4.) The woman allegedly told officers Dunbar

believed she was twenty-one, and after searching the woman's purse, officers found identification of a woman resembling the juvenile which listed her age as twenty-one. (*Id.* at 4.) Dunbar claims Wells contacted the juvenile's mother who told him "her daughter has lied to at least 3 other adult men since February 2020." (*Id.*) Defendant Luis Pena then showed up at the scene and arrested him. (*Id.*) Dunbar claims Pena did not have probable cause to arrest him because "it was not a crime for Plaintiff to rent a rental car or hotel room." (*Id.* at 5.)

    C.    *42 U.S.C. § 1983*

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added).

    D.    *Defendant City of San Diego*

Dunbar lists the City of San Diego as a defendant in his Complaint. (Compl. at 1–2.) Under *Monell v. Dep't of Social Servs*, 436 U.S. 658 (1978), the City of San Diego may be held liable under § 1983 only where the plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City, or a "final decision maker" for the City. *Id*. at 690; *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 402–04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109–10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id*. (quoting *Monell*, 436 U.S. at 694).

Dunbar makes no such allegations here. Thus, as currently pleaded, the Court finds Dunbar's Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2) and § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the City of San Diego itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims). Accordingly, the Court **DISMISSES** Defendant City of San Diego without leave to amend based on Plaintiff's failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### E.  Defendant Luis Pena

With respect to Defendant Luis Pena, Plaintiff is a federal pretrial detainee seeking to sue a federal agent for allegedly violating his Fourth and Fourteenth Amendment rights by arresting him unlawfully and without probable cause, and his Eighth Amendment rights to be free from cruel and unusual punishments.[2] (Compl. At 3–8.) Dunbar fails to allege Pena acted under color of state law. Therefore, he may not proceed under § 1983. *Tsao*, 698 F.3d at 1138. Because Plaintiff is proceeding without counsel, however, the Court will liberally construe the constitutional claims alleged to have arisen at the time of his arrest under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.

---

[2] The Court may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Therefore, the Court takes judicial notice of *United States v. Dunbar*, S.D. Cal. Criminal Case No. 3:20-cr-01700-JLS, currently pending before Judge Sammartino, in which a criminal complaint filed on May 11, 2020, charges Dunbar with one count of recruiting, enticing, harboring, transporting, providing, obtaining and maintaining a minor to engage in a commercial sex act in violation of 18 U.S.C. § 1591(a), and one count transporting a minor across state lines to engage in prostitution, in violation of 18 U.S.C. § 2423(a). *See United States v. Dunbar*, S.D. Cal. Criminal Case No. 3:20-cr-01700-JLS, ECF No. 1. Defendant Pena identifies himself as a "Special Deputy United States Marshal" in the Complaint in that case. *Id*. at 2.

388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006); *Iqbal*, 556 U.S. at 675-76.

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers for alleged violations of a citizen's rights under the Fourth Amendment. *Bivens* 403 U.S. at 397; *Iqbal*, 556 U.S. at 675. After *Bivens*, the Supreme Court has recognized a similar cause of action implied against federal actors for alleged violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67-68 (2001); *see also Iqbal*, 556 U.S. at 675 (noting the Supreme Court's refusal to "extend *Bivens* to a claim sounding in the First Amendment") (citing *Bush v. Lucas*, 462 U.S. 367 (1983)). However, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity. *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1857 (2017) (citing *Iqbal*, 556 U.S. at 675).

    a. Counts One and Two

In Count One, Dunbar alleges Pena violated his Fourth Amendment rights by arresting him without probable cause. (Compl. at 3–7.) And, although he alleges in Count Two that Pena violated his Fourteenth Amendment rights, the allegation is also based on his claim that Pena arrested him without probable cause. (*Id.* at 7–9.) When a specific constitutional Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment . . . must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality) (quotation marks omitted). Dunbar's allegations in both Counts One and Two are most properly interpreted as Fourth Amendment claims.

Dunbar may bring a *Bivens* action against Pena because he has alleged that Pena violated his Fourth Amendment rights on May 7, 2020, by arresting him without probable cause. (*See* Compl. at 3–9); *Bivens*, 403 U.S. at 397. In *Heck v. Humphrey*, 512 U.S. 477 (1994) however, the Supreme Court concluded that a § 1983 claim which "necessarily implies the invalidity" of an underlying criminal judgment is not cognizable until the

criminal judgment has been reversed, set aside, expunged, invalidated, or called into question on federal habeas review. *Id.* at 486-87; *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck*'s favorable termination rule to *Bivens* actions). Here, Dunbar's claims against Pena could be barred by *Heck* to the extent they may "necessarily imply the invalidity" of his criminal judgment—should he ultimately be convicted for the crimes for which he is currently awaiting trial before Judge Sammartino in *U.S. v. Dunbar*, S. D. Cal. Criminal Case No. 3:20-cr-01700-JLS. *Heck* only comes into play, however, when there exists "'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (quoting *Heck*, 512 U.S. at 486–87). In *Wallace*, the Supreme Court specifically rejected the contention that "an action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id.* at 393 (italics in original).

Thus, if a Plaintiff raises Fourth Amendment claims in a § 1983 or *Bivens* action while he remains subject to criminal prosecution, but before he is convicted or exonerated, as Plaintiff has here, or if he "files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[3] *Wallace*, 549 U.S. at 393–94 (citing *Heck*, 512 U.S. at 487–88, n.8). "If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed." *Id.*; *see also Fourstar v. Clark*, No. CV160126GFDLCTJC, 2017 WL 892330, at *2 (D. Mont. Mar. 6, 2017) (staying *Bivens* action while plaintiff's federal criminal trial remained pending pursuant to *Wallace* and *Heck*); *Foster v. United States*, No.

---

[3] *Wallace* holds that a stay of the civil action is proper, because under common law, a prisoner's false arrest claim accrues "when legal process was initiated against him." 549 U.S. at 390.

CV094067GHKVBKX, 2009 WL 10675790, at *3 (C.D. Cal. July 20, 2009) (same). The Court finds that such a stay would be appropriate in this case.

### b. Count Three

Dunbar alleges Pena violated his Eighth Amendment rights by causing him "to suffer cruel and unusual punishment of mental anguish and emotional distress brought on by feelings of fear, abandonment, hopelessness, depression and having been denied any sense of being a[] human being . . . ." (Compl. at 9.) Because Dunbar is a pretrial detainee, however, the Eighth Amendment does not apply to him. *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Accordingly, the Court **DISMISSES** Dunbar's Eighth Amendment claim (Count Three) without leave to amend based on his failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## III. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Warden of the MCC, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Luis Williams, II, Warden, Metropolitan Correctional Center, 880 Union Street, San Diego, CA 92101.

4. **DISMISSES** Defendant City of San Diego and **DIRECTS** the Clerk of the Court to terminate the City of San Diego as a party to this action based on Plaintiff's failure

to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5.   **DISMISSES** Plaintiff's Eighth Amendment Claim (Count 3) against all Defendants based on Plaintiff's failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6.   **DIRECTS** the Clerk of the Court to **STAY** the remainder of the proceedings in this civil action pending resolution of Plaintiff's criminal proceedings in *United States v. Dunbar*, S.D. Cal. Criminal Case No. 3:20-cr-01700-JLS.

7.   **ORDERS** Plaintiff to file a Motion requesting the stay in these proceedings be lifted, together with a Motion requesting U.S. Marshal service upon Defendant Pena pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), <u>within 30 days</u> of the conclusion of his criminal case.

**IT IS SO ORDERED**.

Dated:  January 19, 2022

_____
Honorable Todd W. Robinson
United States District Judge