UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LADRE DUNBAR<br>BOP# 93173298,<br><br>              Plaintiff,<br><br>v.<br><br>LUIS PENA, CITY OF SAN DIEGO,<br><br>              Defendants. | Case No.: 3:21-CV-02001 TWR (KSC)<br><br>**ORDER:**<br><br>**1) GRANTING REQUEST TO ACCEPT OMITTED DOCUMENTS (ECF No. 5);**<br><br>**2) DENYING REQUEST FOR RECONSIDERATION (ECF No. 6)** |

**I.     Introduction**

Michael Ladre Dunbar ("Dunbar" or "Plaintiff"), a federal detainee currently housed at the Metropolitan Correctional Center ("MCC") in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on November 26, 2021. ("Compl.," ECF No. 1.)  Plaintiff claimed Defendant Luis Pena violated his Fourteenth Amendment rights by unlawfully arresting him without probable cause.  (*Id.* at 3–9.) Dunbar also alleged Pena violated his Eighth Amendment rights, causing him "to suffer cruel and unusual punishment of mental anguish and emotional distress brought on by

feelings of fear, abandonment, hopelessness, depression and having been denied any sense of being a human being . . . ." (*Id.* at 9.) Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2.)

On January 19, 2022, this Court granted Dunbar's IFP motion, dismissed the city of San Diego as a defendant without leave to amend, dismissed Dunbar's 8th Amendment claim without leave to amend, and stayed the rest of the civil action pending resolution of Dunbar's criminal case. (ECF No. 4.) Dunbar has now filed a document entitled Request Court to Accept Omitted Documents Part of Original Complaint, (ECF No. 5), and a document entitled Request for Reconsideration of Orders #4 and #5 Allowing Plaintiff Leave to Amend, (ECF No. 6).

## II.   Motion to Accept Omitted Document (ECF No. 5)

Dunbar states that due to a clerical error, one page was omitted from his Complaint. (ECF No. 5 at 2.) He asks that the omitted page be accepted as part of his original complaint. (*Id.* at 1–5.) Good cause appearing, the Court **GRANTS** Dunbar's request. The Clerk of Court is directed to file page four of Dunbar's Request to Accept Omitted Documents (ECF No. 5) as page 11 of his Complaint (ECF No. 1).

## III.   Motion for Reconsideration (ECF No. 6)

Dunbar asks this Court to reconsider its January 19, 2022 dismissal Order, reinstate the City of San Diego as a defendant and grant him leave to amend. (ECF No. 6 at 3–8.) S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days of the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. CivLR 7.1(i)(2). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* A motion for reconsideration may also be treated as a motion to alter or

amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court has considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. at 1255. Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111. However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted).

Dunbar has not shown there are "manifest errors of law or fact upon which the judgment rests" which must be corrected or a "manifest injustice." *Allstate Ins. Co.*, 634 F.3d at 1111. In its January 19, 2022 Order, the Court dismissed the City of San Diego as a defendant pursuant to *Monell v. Dep't of Social Servs*, 436 U.S. 658, 690 (1978) (holding that a municipality may be held liable under § 1983 only where the plaintiff alleges facts

to show that a constitutional deprivation was caused by the implementation or execution of 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated' by the City, or a 'final decision maker' for the City); *see also Board of the County Comm'rs v. Brown*, 520 U.S. 397, 402–04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). Dunbar argues in his Motion for Reconsideration that the City of San Diego should remain a defendant in his case because the "the City of San Diego hired and trained Luis Pena as an agent with the San Diego County District Attorney's Office," and that "therefore it's he who makes decisions on behalf of the City of San Diego." (ECF No. 6 at 4.) But as the Court explained in the January 19, 2022 dismissal Order, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109–10 (9th Cir. 2002). Further, Dunbar's motion does not contain any "newly discovered evidence" and there has been no "intervening change in the controlling law." Accordingly, Dunbar's Motion for Reconsideration (ECF No. 6) is **DENIED**.

## IV. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Accept Omitted Document (ECF No. 5). The Clerk of Court is directed to file page four of Dunbar's Request to Accept Omitted Documents (ECF No. 5) as page 11 of his Complaint (ECF No. 1); and

2. **DENIES** Dunbar's Motion for Reconsideration (ECF No. 6);

The proceedings in this civil action remain **STAYED** pending resolution of Plaintiff's criminal proceedings in *United States v. Dunbar*, S.D. Cal. Criminal Case No. 3:20-cr-01700-JLS, and Plaintiff is reminded that he is **ORDERED** to file a Motion requesting the stay in these proceedings be lifted, together with a Motion requesting U.S.

/ / /
/ / /
/ / /
/ / /

Marshal service upon Defendant Pena pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), within thirty (30) days of the conclusion of his criminal case.

**IT IS SO ORDERED**.

Dated:  February 16, 2022

_____
Honorable Todd W. Robinson
United States District Judge